# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RICHARD GWALTNEY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )          1:16CV435
                               )
ROBERT BARBOUR, et al.,        )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

-2-

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## ANALYSIS

The Complaint consists entirely of indecipherable and/or conclusory statements, including a list of random "laws" and government agencies, without any facts that make out a claim for

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

relief. By way of example, the Complaint's statement of claim section consists only of the following "laws," agencies, and a defendant's name: "Labor Board Law[,] DOT Law[,] Medical Act Leave[,] ATF (Alc[o]hol Tobacco Firearms[),] DEA[,] FBI[,] EPA[,] EEOC[,] NC DOT Traffic Route Violations[, and] Robert Barbour." (Docket Entry 2 at 2-3.)[2] Similarly, the Complaint's request for relief section provides a list of conclusory requests, without any factual matter to support a claim for those requests: "Remove Robert Barbour[,] Sell/Buy his Company out[,] Restraining Order to prevent [Plaintiff] harm[,] Turn in all weapons to Cabarrus Co. Sheriff[,] ban[] him [from] being in the County." (Docket Entry 2 at 4.)

Further, Plaintiff attached to his Complaint more than 50 pages of documents that appear to relate to his petitions for certain disability and unemployment benefits. (Docket Entry 3-1.)[3]

---

[2] To the extent the Complaint alleges violations of the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., the Complaint fails to set forth any facts, or even allege, that Plaintiff's former employer, Defendant Robert Barbour, failed to provide him job-protected leave, see 29 U.S.C. § 2612. Moreover, Plaintiff previously filed a lawsuit against Defendant Robert Barbour, which this Court dismissed for lack of subject matter jurisdiction and for failure to state a claim, without prejudice to any discrimination related claims. Gwaltney v. Barbour, 1:15CV771, 2015 WL 5774799 (M.D.N.C. Sept. 30, 2015), recommendation adopted, slip op. (M.D.N.C. Oct. 23, 2015). Here, the Complaint contains no allegations that Defendant Robert Barbour discriminated against Plaintiff.

[3] Plaintiff has already filed two lawsuits regarding the denial of his state unemployment benefits, which this Court

Those documents do not relate to or provide any factual support for the Complaint's listed causes of action against Defendants. In sum, based on the Complaint's lack of factual material, Plaintiff has presented a text-book "the-defendant-unlawfully-harmed-me accusation" of the type that the United States Supreme Court has ruled insufficient to state a claim for relief. See Iqbal, 556 U.S. at 678. As a result, the Complaint lacks any arguable basis in law, thus qualifying this action as legally frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 13, 2016

---

dismissed for lack of subject matter jurisdiction. See Gwaltney v. Unemployment NCESU, No. 1:15cv770, 2015 WL 5774779 (M.D.N.C. Sept. 30, 2015), recommendation adopted, slip op. (M.D.N.C. Oct. 23, 2015); Gwaltney v. NC Dep't of Commerce, No. 1:16cv150, 2016 WL 913150 (M.D.N.C. Mar. 9, 2016), recommendation adopted, slip op. (M.D.N.C. Apr. 11, 2016).

-5-